# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 4:97cr274

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| MICHAEL EDWARD CARR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS CAUSE coming on to be heard and was heard before the undersigned, pursuant to a letter written to the undersigned by the defendant dated April 16, 2007 and filed on April 25, 2007. In the letter, the defendant requests that other counsel be substituted for the attorney that was appointed by the court, that being David Belser. This matter further comes on before the court, pursuant to a Motion to Withdraw (#33) filed by Mr. Belser. In the motion, Mr. Belser states that it is his belief that he cannot communicate effectively with the defendant. Upon the call of this matter on for hearing it appeared that the defendant was present and that his counsel, Mr. Belser, was present and that the government was represented through Assistant United States Attorney Tom Ascik and from the statements of the defendant, statements of Mr. Belser and the arguments presented, the court makes the following findings:

**Findings:** At the call of this matter, the court explained to the defendant the factors that the court would have to consider in regard to the defendant's motion. The undersigned then made inquiry of the defendant as to the reasons why the defendant did not wish for Mr. Belser to represent him further and whether or not there was such a conflict between the

defendant and Mr. Belser that was so great that it has resulted in a total lack of communication preventing an adequate defense. The defendant stated that Mr. Belser had represented him previously in regard to the appeal of this matter and that based upon that representation the defendant stated that he could not communicate with Mr. Belser. The defendant further stated that he had made inquiry of Mr. Belser as to the amount of imprisonment that he could receive if it was found that he had violated the terms and conditions of pretrial release and that Mr. Belser made the statement that he did not know.

The undersigned then made inquiry of Mr. Belser. Mr. Belser stated that it was his belief that he could not communicate with the defendant. Mr. Belser further stated to the court that the defendant had no confidence in Mr. Belser based upon Mr. Belser's previous representation of the defendant in this matter and it was Mr. Belser's further opinion that it would be in the best interest of justice that other counsel be appointed to represent the defendant.

The undersigned had examined the file in that matter and it appears from that examination, that Mr. Belser represented the defendant in regard to an appeal in this matter to the Fourth Circuit Court of Appeals which was an appeal from the original sentence given to the defendant in August of 1998.

The court has reviewed the petition in this matter and finds that the potential time of imprisonment of the defendant is stated in the petition. The court thus discounts the statement of the defendant that Mr. Belser did not know the possible exposure of the defendant to imprisonment.

**Discussion:** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. United States v Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v Slappy, 461 Up. S. 1 (1983). In considering the motion herein, the undersigned has considered the following factors: (1) The timeliness of the motion; (2) Inquiry as to the reasons why the defendant does not wish for Mr. Belser to represent further; and (3) Whether or not there is such a conflict between the defendant and Mr. Belser that is so great that it has resulted in a total lack of communication preventing an adequate defense. United States v Gallop, 838 F.2d 105 (4th Cir. 1988).

An initial appearance was held for the defendant on April 12, 2007 at which time the undersigned directed that counsel be appointed for the defendant. A detention hearing and preliminary examination was scheduled for the defendant for April 16, 2007 and during the period between April 12th and April 16th Mr. Belser had been contacted by the Federal Defender's Office and was requested by them to represent the defendant. The defendant prepared a letter objecting to such appointment on that day, that being April 16, 2007. From this documentation, it appears to the court that the defendant's motion was timely made and this factor must be weighed in favor of granting the defendant's motion.

The undersigned inquired as to the reasons for the conflict between the defendant and Mr. Belser. After hearing from them both, it appears that the defendant's objections are

3

based upon Mr. Belser's representation of him in the Fourth Circuit Court of Appeals in regard to the appeal of the sentence given to the defendant in August 1998 by Judge Thornburg. The undersigned explained to the defendant that Mr. Belser was an experienced attorney who regularly practiced in the federal courts and that it was the opinion of the court that Mr. Belser would provide excellent representation for the defendant. The undersigned further explained to the defendant that Mr. Belser was routinely appointed in state court jurisdictions across Western North Carolina to represent defendant's in difficult cases. Despite being provided with this information, the defendant continued to be firm in his opinion that he and Mr. Belser could not communicate in regard to this matter.

In regard to the inquiry of Mr. Belser, he was additionally firm in that it was his contention that he could not communicate with the defendant in this case. This degree of conflict must be weighed in favor of allowing the defendant's motion.

This court has further examined the matter to determine whether or not there is such a conflict between the defendant and Mr. Belser such that there is a total lack of communication preventing an adequate defense. At this time, it does appear to the undersigned that such a conflict does exist between Mr. Belser and the defendant that would prevent an adequate defense.

After considering all the factors, it appears that all factors must be weighed in favor of granting the defendant's motion and that based upon the foregoing, the undersigned has determined to enter a order allowing the defendant's motion and Mr. Belser's motion (#33).

**ORDER**

IT, IS, THEREFORE **ORDERED** that the motion of the defendant for the substitution of counsel and the motion (#33) of Mr. Belser to withdraw are each hereby **ALLOWED**. It is further **ORDERED** by the court that either Raquel Wilson or Fredilyn Sison of the Federal Defender's Office are hereby appointed by the court to represent the defendant in regard to this matter.

Signed: May 10, 2007

Dennis L. Howell
United States Magistrate Judge